UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BENJAMIN H.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL NO. 1:21cv271 |
| | ) |
| KILOLO KIJAKAZI, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Income (SSI) as provided for in the Social Security Act. 42 U.S.C. § 423(a).  Section 405(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.  The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing."  It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A).  A physical or mental

_____

[1] To protect privacy, Plaintiff's full name will not be used in this Order.

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §423(d)(3).  It is not enough for a plaintiff to establish that an impairment exists.  It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity.  *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979).  It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff.  *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings. *Scott v. Astrue*, 734, 739 (7th Cir. 2011); 42 U.S.C. §405(g).  "Substantial evidence is defined as 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see also Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010).  "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law."  *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after a hearing, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.

2. The claimant has not engaged in substantial gainful activity since October 1, 2017, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: alcohol-induced pancreatitis; and insulin-dependent diabetes mellitus (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can occasionally climb ramps or stairs, balance, kneel, crawl, stoop, or crouch; and can never climb ladders, ropes, or scaffolds. Can frequently handle or finger bilaterally. Must avoid concentrated exposure to unprotected heights; and must avoid concentrated exposure to fumes, dust, odors, gases, and poor ventilation.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on April 5, 1975 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 1, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 13-26).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability

benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed his opening brief on February 22, 2022. On April 5, 2022, the defendant filed a memorandum in support of the Commissioner's decision, to which Plaintiff replied on May 3, 2022. Upon full review of the record in this cause, this court is of the view that the ALJ's decision must be remanded.

A five-step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

Plaintiff alleges a plethora of impairments, including ADHD, social anxiety disorder, alcohol use disorder, chronic back pain, spondylosis of the lumbar spine, degenerative disc disease, moderate hepatic stenosis, stomach ulcers, hypertension, pancreatitis, abscess of liver,

ulcer of esophagus, acute post-hemorrhagic anemia, nonalcoholic steatohepatitis, hypoxemia, diaphragmatic hernia, focal acute diverticulitis, psoriasis, pancreatic necrosis, diabetes, pancreatic pseudocyst, fluid in pleural cavity, and leg swelling.

In support of remand Plaintiff argues the ALJ failed to properly evaluate the opinions of Shawn Kidder, D.O. (Tr. 2700), Chelsea Rentschler, N.P. (Tr. 2699), David Ringel, M.D. (Tr. 2951-2954), and Brenda Vazquez, M.D. (Tr. 1953-1964). Plaintiff first argues the ALJ erroneously found the opinions of Dr. Kidder and Ms. Rentschler not persuasive. In January 2020, Dr. Kidder issued a statement indicating Plaintiff was disabled because his recurrent pancreatitis required frequent hospitalization and IV fluids (Tr. 2700), which the ALJ found not persuasive because the determination of disability is an issue reserved solely to the Commissioner (Tr. 24). Also in January 2020, Ms. Rentschler stated Plaintiff had severe upper abdominal pain due to recurrent pancreatitis and could continue to have repeat flare ups that may restrict physical activity despite abstaining from alcohol use (Tr. 2699). Ms. Rentschler also opined Plaintiff was diagnosed with diabetes mellitus and experienced side effects such as neuropathy (Tr. 2699). The ALJ found Ms. Rentschler's note unpersuasive, holding that it is not an opinion as to residual functional capacity and because there are no signs, symptoms, or diagnoses of neuropathy that appear elsewhere in the record (Tr. 24). Plaintiff argues the ALJ's persuasiveness finding is flawed with respect to these statements because both sources treated Plaintiff for many years and because the ALJ did not acknowledge treatment notes indicating Plaintiff reported symptoms of neuropathy.

The Commissioner points out that a medical opinion is a statement from a medical source describing what an individual can still do despite his or her impairments and whether he or she

5

has one or more impairment-related limitations or restrictions in his or her ability to perform the physical and mental demands of work. *See* 20 C.F.R. 404.1513(a)(2). The Commissioner argues that neither Dr. Kidder nor Ms. Rentschler provided a description of Plaintiff's ability to perform work-related activities such as sitting, standing, walking, lifting, carrying, or other physical functions, or indicated Plaintiff has deficiencies in performing the mental demands or other demands of work (Tr. 2699, 2700).

However, as Plaintiff notes in reply, the ALJ did not hold that Dr. Kidder and Ms. Rentschler's opinions were not medical opinions. Rather, the ALJ assigned weight to these opinions. Plaintiff argues that the Commissioner cannot now raise this argument for the ALJ.

Plaintiff also argues that the opinions in question satisfy the definition of "medical opinion". Dr. Kidder stated, "It is my medical opinion that [Plaintiff] has recurrent pancreatitis which requires frequent hospitalization and IV fluid. He is disabled at this point due to this disease state." (Tr. 2700). Likewise, Ms. Rentschler stated,

> "Due to recurrent pancreatitis, the patient commonly is affected with severe upper abdominal pain that can travel to the back, which is often more intense with oral intake. Patient can also have bouts of nausea and vomiting. Patient has recently started abstaining for alcohol intake, but due to repeat insult to the pancreas, he could still have repeat flare ups or attacks that may restrict his physical activity. Treatment for pancreatitis for this lifelong condition is to observe a low fat diet along with possible pancreatic enzyme supplementation, when appropriate. Patient was recently diagnosed with diabetes mellitus due to endocrine pancreatic insufficiency and is experiencing side effects such as neuropathy."

(Tr. 2699).

This Court agrees with Plaintiff that both these opinions indicate that Plaintiff has a deficiency in the ability to perform the demands of work. Dr. Kidder opined that Plaintiff cannot work because his recurrent pancreatitis requires frequent hospitalizations. Ms. Rentschler opined

6

that Plaintiff cannot work because he has frequent severe upper abdominal pain which causes bouts of vomiting. Clearly, both of these opinions are related to Plaintiffs ability to perform the demands of work.

The Commissioner also argues that even if Dr. Kidder and Ms. Rentschler's opinions are "medical opinions" the ALJ was not required to address them because "they comment directly on whether Plaintiff is disabled." However, case law does not support the Commissioner's assertion. In *Bjornson v. Astrue* the Seventh Circuit reviewed a case in which the ALJ stated, "statements that a claimant is disabled or unable to work are not medical opinions but are dispositive administrative findings ... reserved to the Commissioner of Social Security." 671 F. 3d 640, 647 (7th Cir. 2012). The Seventh Circuit found that this remark was "imprecise, stating that the regulation was not the same as saying that such statements were improper and should therefore be ignored." *Id*. Additionally, in *Garcia v. Colvin* the Seventh Circuit reviewed a case in which the ALJ gave no weight to a treating physician's statement that the claimant was "disabled and unable to perform any functions." 741 F. 3d 758, 760 (7th Cir. 2013). The ALJ's reasoning was that determining disability is reserved for the Commissioner. *Id*. The Seventh Circuit found this to not be true stating, "What is true is that whether the applicant is sufficiently disabled to qualify for social security disability benefits is a question of law that can't be answered by a physician. But the answer to the question depends on the applicant's physical and mental ability to work full time, and that is something to which medical testimony is relevant and if presented can't be ignored." *Id*.

With respect to Ms. Rentschler's opinion, the ALJ found it "not persuasive" because it was not a residual functional capacity assessment and there was no indication of neuropathy

7

elsewhere in the medical record. This is incorrect as Plaintiff's neuropathy is frequently discussed in the medical record, evidence that was either overlooked or ignored by the ALJ.

The Commissioner argues the ALJ was also not required to address Ms. Rentschler's opinion because it is also an issue reserved for the Commissioner. However, this argument violates the *Chenery* doctrine because the ALJ gave that reasoning only for Dr. Kidder's opinion and not Ms. Rentschler's opinion. In the evaluation of Ms, Rentschler's opinion the ALJ cherry picked the evidence to conclude that no other medical source noted Plaintiffs neuropathy as an issue, and further failed to address the remainder of Ms. Rentschler's opinion.

Plaintiff next argues the ALJ gave no explanation for finding the opinion of Dr. Ringel not persuasive and therefore erred. Dr. Ringel, an independent examiner hired by Plaintiff's representative, evaluated Plaintiff in March 2020 and concluded he was disabled due to symptoms caused by his chronic pancreatitis, was unable to be around groups of people due to social anxiety, had "functionally useless" hands due to arthritis, contractures, and decreased grip strength, and was unable to engage in most work situations due to issues with memory and an inability to do mental math (Tr. 2954)

The ALJ found Dr. Ringel's opinion not persuasive because the determination of disability is an issue reserved to the Commissioner, because the objective findings upon which Dr. Ringel relied were not corroborated by the record, and because the Plaintiff's complaints during examination were contraindicated so long as he consumed alcohol, which he ceased one month prior to the hearing (Tr. 23, 25). Plaintiff, however, argues that the ALJ did not consider evidence of his pancreatitis-related hospital admissions when discussing Dr. Ringel's opinion that Plaintiff was disabled due to his disease.

8

Plaintiff also argues that the ALJ did not adequately address the findings of Dr. Vazquez. Consultative physician Dr. Vazquez examined Plaintiff in February 2019 and recorded a normal review of muscle strength and tone, reflexes, sensation, gait testing, finger dexterity, and ROM testing except for the left shoulder, which was reduced (Tr. 1959-62). She also found Plaintiff could lift 60 pounds, stand for 30-45 minutes, and walk one flight of stairs (Tr. 1955). The ALJ found Dr. Vazquez's findings did not corroborate Plaintiff's allegations regarding his physical abilities (Tr. 20).

Plaintiff correctly notes that the ALJ cherry picked Dr. Vazquez's exam findings to highlight only those that supported the RFC and did not consider certain findings such as Plaintiff's inability to fully extend his hands towards himself bilaterally and that Plaintiff may be too short of breath to walk. Thus, remand is warranted for a propr evaluation of the medical opinions.

Plaintiff has also argued that the ALJ failed to properly evaluate his alcohol use by not addressing whether Plaintiff would be disabled if he were not using alcohol and not considering that Plaintiff consumes alcohol to self-medicate. An ALJ determines if a claimant's drug or alcohol addiction is material to his or her disability only if the ALJ first finds that the claimant is disabled. Soc. Sec. Ruling, SSR 13-2p; Title II & XVI: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA), 78 Fed. Reg. 11939, 11941-42 (Feb. 20, 2013). On remand, if the ALJ determines that Plaintiff is disabled and reaches the determination of whether alcohol use is material to his disability, the ALJ must fully consider the evidence concerning whether Plaintiff uses alcohol to self-medicate.  Likewise, the ALJ must consider Plaintiff's mental impairments and their impact on his ability to become gainfully employed.

<u>Conclusion</u>

On the basis of the foregoing, the decision of the Commissioner is hereby REVERSED AND REMANDED for further proceedings consistent with this Opinion.

Entered: May 13, 2022.

                                                s/ William C. Lee  
                                                William C. Lee, Judge  
                                                United States District Court